# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:22cr42 |
| | ) | |
| v. | ) | **SEALED INDICTMENT** |
| | ) | |
| ALONZO HICKS | ) | In violation of: |
| ANTONIO HICKS | ) | Title 18 U.S.C. § 371 |
| | ) | Title 18 U.S.C. §§ 922(a)(6), 924(a)(2) and 2 |

Case: 1:22-mj-00266
Assigned to: Judge Meriweather, Robin M.
Assign Date: 12/8/2022
Description: ARREST RULE(5)

**COUNT ONE**

The Grand Jury charges:

1. On or about September 2, 2019, in the Western District of Virginia, and elsewhere, the defendants, **ALONZO HICKS** and **ANTONIO HICKS**, along with S.Y., knowingly and willfully conspired and agreed with each other and with persons known and unknown to the grand jury, to commit an offense against the United States, that is to knowingly make false and fictitious written statements to a licensed firearms dealer, within the meaning of Chapter 44, Title 18, United States Code, in that S.Y. did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that S.Y. was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendants then knew, S.Y. was not the actual buyer of the firearms, in violation of Title 18 United States Code, Sections 922(a)(6) and 924(a)(2).

## MANNER AND MEANS OF THE CONSPIRACY

2. It was a part of the conspiracy that **ALONZO HICKS**, via text message, requested that S.Y. purchase the firearms from the firearms dealer, **because ALONZO HICKS and ANTONIO HICKS** could not, or believed they could not, legally purchase a firearm. S.Y. would represent himself to be the actual purchaser of the firearms. **ALONZO HICKS and ANTONIO HICKS** would provide the funds necessary to purchase the firearms. Finally, S.Y. would provide the firearms to **ALONZO HICKS and ANTONIO HICKS** after the transaction. The firearms were transported to Maryland where **ANTONIO HICKS** would then offer the firearms for sale by way of text communications to third parties.

## OVERT ACTS

3. In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts were committed in the Western District of Virginia and elsewhere:

4. On or about September 2, 2019, at the request of **ALONZO HICKS**, S.Y. entered the premises of Doomsday Tactical, a licensed firearms dealer, to purchase two SCCY, CPX-2, 9mm pistols for **ALONZO HICKS and ANTONIO HICKS**. Upon his arrival, S.Y. completed a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that that he was the actual buyer of the firearms.

5. S.Y. completed the purchase of the two firearms.

6. At some point after exiting the store, S.Y. provided the two SCCY, CPX-2 9mm pistols to **ALONZO HICKS and ANTONIO HICKS**, who possessed the firearms at their Waldorf, Maryland residence.

2

7. On September 3, 2019, in a text communication to an unknown individual, **ANTONIO HICKS** sent a picture of the two SCCY, CPX-2 9mm pistols with the caption "joints just came in" and offered the two firearms for sale for "550."

8. All in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 371.

## COUNT TWO

The Grand Jury further charges that:

1. On or about September 2, 2019, in the Western District of Virginia, the defendant, **ALONZO HICKS** and S.Y., in connection with the acquisition of two firearms, both SCCY CPX-2 9mm pistols, from Doomsday Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly counsel, command, induce, and procure a false and fictitious written statement to Doomsday Tactical, which statement was intended and likely to deceive Doomsday Tactical, as to a fact material to the lawfulness of such sale of the said firearms under Chapter 44 of Title 18, United States Code, in that the defendant did knowingly counsel, command, induce, and procure the execution of a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that S.Y. was the actual buyer of the firearms, when in fact as defendant **ALONZO HICKS** then knew, S.Y. was not the actual buyer of the firearm, and did aid and abet in the same.

2. All in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

3

# NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

> any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Firearm(s) and Ammunition or other assets**

      1. SCCY Industries, model CPX-2, 9mm pistol, SN: 780856
      2. SCCY Industries, model CPX-2, 9mm pistol, SN: 792971
      3. All ammunition, magazines, and accessories associated with these firearms.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

4

A **TRUE BILL**, this \_\_\_10\_\_\_ day of November, 2022.

                                                                                      <u>s/Grand Jury Foreperson</u>
                                                                                      FOREPERSON

_____
Christopher R. Kavanaugh
United States Attorney